IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| M.P., a minor, by and through Jennifer Pinckney, as Parent, Natural Guardian, and Next Friend<br><br>    Plaintiff,<br><br>vs.<br><br>Internet Research Agency, LLC; Concord Management and Consulting LLC; Concord Catering, and Yevgeniy Viktorovich Prigozhin<br><br>    Defendants | C.A. No.2:22-cv-3830-RMG<br><br>**ORDER** |

  This matter comes before the Court on Plaintiff's motion, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, to serve Defendants Internet Research Agency, LLC; Concord Management and Consulting LLC; Concord Catering; and Yevgeniy Viktorovich Prigozhin (hereafter "the Russian Defendants") to be served by alternative means because the Russian Federation has unilaterally withdrawn from the Hague Convention protocols for service on foreign persons, making traditional methods of effecting service on foreign parties within the Russian Federation an act of futility. (Dkt. No. 22, 22-1, 22-2). Plaintiff proposes to serve the Russian Defendants as follows:

  1. <u>Concord Management and Consulting LLC</u>: Service upon this Defendant's counsel in the United States and/or service by publication in both international and United States national publications (e.g., International Herald Tribune, New York Times and Wall Street Journal).

  2. <u>Concord Catering</u> and <u>Internet Research Agency, LLC</u>: Service by publication in both international and United States national publications (e.g., International Herald

1

        Tribune, New York Times, Wall Street Journal).

3.     <u>Yevgeniy Prigozhin (hereafter "Prigozhin")</u>: Service by retained counsel of Concord Management and Consulting, LLC and service by publication in international and United States national publications (e.g., International Herald Tribune, New York Times, Wall Street Journal).

The Court first takes judicial notice of the fact that Defendant Prigozhin died on August 23, 2023 in a private plane crash near Moscow, Russian Federation. *See* Gaya Gupta and Valeriya Safronova, *Eight others died on the plane with Prigozhin and Utkin*, N.Y. Times, August 31, 2023. Plaintiff plainly cannot serve a deceased person. Plaintiff has not provided any information that an estate has been established or that a personal representative or other lawfully designated person has been appointed to manage and dispose of Defendant Prigozhin's assets. Consequently, the Court denies without prejudice Plaintiff's request to service Defendant Prigozhin under Rule 4(f)(3).

In regard to the remaining Russian Defendants, it is well established that the Russian Federation in 2003 unilaterally withdrew from the Hague Convention protocols for service of foreign persons and denies all requests for service of process originating from the United States. *See*, *Arista Records LLC v. Media Services LLC*, 69 F.R.D. 1623, 2008 WL 563470 at *2 (S.D. N.Y. 2008). The Federal Rules of Civil Procedure provide as an alternative to traditional methods of service of a foreign person, such as the Hague Convention or service of process under a foreign country's laws, "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Alternative methods of service must be reasonably calculated to give notice to the defendant. *BP Products North America, Inc. v. Dagra*, 232 F.R.D. 263,264 (E.D. Va. 2005). Because of the well-established difficulties encountered in serving defendants in the Russian Federation, courts have identified a variety of methods to

effect service on Russian defendants which satisfy the requirements of due process and Rule 4(f)(3), including the following: (1) service on the foreign defendant's United States counsel; (2) email to corporate headquarters; (3) fax to corporate headquarters; (4) international registered mail; and (5) international standard mail. *Nuance Communications v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010); *In Re Potash Antitrust Litigation*, 667 F.Supp.2d 907, 928 (N.D. Ill. 2009); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 487 (N.D. W.Va. 2005). Although the Court has not come across any court decision authorizing under Rule 4(f)(3) service by publication in prominent international and national newspapers, there is no reason this method of service could not be used as one of combined methods of service which could be utilized to provide defendants notice of this lawsuit.

Based upon the foregoing, the Court hereby authorizes Plaintiff, pursuant to Rule 4(f)(3), to serve the following Russian Defendants by utilizing in combination the following methods of service:

1.  <u>Concord Management and Consulting, LLC</u>:  The Court authorizes Plaintiff to serve this defendant by utilizing in combination the following methods of service:

    A.  Service by personally serving counsel in the United States:  This defendant retained United States counsel, Eric A. Dubelier of the Washington, D.C. office of Reed Smith LLP, James Christopher Martin and Colin Emmet Wrabley of the Pittsburgh, Pennsylvania office of Reed Smith, LLP, and Katherine Joanne Seikaly of the McLean, Virginia office of Reed Smith LLP in a challenge to the authority of Special Counsel Robert Mueller and other matters related to this defendant's indictment by the Special Prosecutor. *See*, *United States v. Concord Management &*

*Consulting LLC*, 317 F. Supp.3d 598 (D.D.C. 2018), *appeal dismissed*, 2018 WL 5115521 (D.C. Cir. 2018). Plaintiff must personally serve each of these attorneys to the extent they are still associated with Reed Smith LLP;

B. Service by publication in the International Herald Tribune and the Wall Street Journal;

C. Service by international regular mail and international registered mail if Plaintiff has a mailing address for this defendant;

D. Service by fax if Plaintiff has a fax number for this defendant; and

E. Service by email if Plaintiff has an email address for this defendant

2. <u>Defendants Concord Catering and Internet Research, LLC</u>: The Court authorizes Plaintiff to separately serve these Defendants by using in combination the following methods of service:

A. Service by publication in the International Herald Tribune and the Wall Street Journal;

B. Service by international regular mail and international registered mail if Plaintiff has a mailing address;

C. Service by fax if Plaintiff has a fax number for these defendants; and

D. Service by email if Plaintiff has an email address for these defendants.

Plaintiff is to file with the Court affidavits of service and supporting documentation detailing her efforts to comply with this Order.

AND IT IS SO ORDERED.

                                                  _____
Richard Mark Gergel
United States District Judge

September \_\_, 2023
Charleston, South Carolina